IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN STEEL & STAIRWAYS, INC., *et al.,*

        Plaintiffs,

  v.

LEXINGTON INSURANCE COMPANY, *et al.,*

        Defendants.
                                  /

No. C 12-3103 SI

**ORDER GRANTING DEFENDANT CHARTIS CLAIMS, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant Chartis Claims, Inc.'s motion to dismiss plaintiffs' complaint is set for hearing on September 21, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS plaintiffs leave to amend the complaint. If plaintiffs wish to amend the complaint, the amended complaint must be filed by **September 28, 2012**.

**BACKGROUND**

On April 16, 2012, plaintiffs American Steel & Stairways, Inc. ("American Steel"), Martin Vollrath, and Thomas Vollrath filed a complaint against defendants Lexington Insurance Company ("Lexington"), Insurance Company of the State of Pennsylvania ("ISOP"), and Chartis Claims, Inc. ("Chartis") in the Superior Court of the State of California, County of San Mateo. Dkt. 1. The complaint alleges claims for: (1) breach of insurance contract, (2) breach of duty of good faith and fair dealing, and (3) equitable subrogation, contribution and indemnity. *See* Dkt.1 Ex. A (complaint). Plaintiffs allege that American Steel has been improperly denied coverage under a commercial general liability policy issued by Lexington and two excess liability policies issued by ISOP, in connection with the settlement of an underlying lawsuit captioned *The Irvine Co., LLC v. Devcon Construction, Inc.*,

Case No CIV477435. *Id.* at ¶¶ 10-12, 17, 29, 36. Plaintiffs further allege that Chartis "acted as putative insurer" on behalf of Lexington and ISOP with respect to the underlying lawsuit, and that defendants operate "as a single enterprise of insurance operations." *Id.* at ¶ 6.

On June 15, 2012, defendants removed the case to this Court based on diversity jurisdiction. *See* Dkt.1. Defendants Lexington and ISOP answered the complaint. Dkts. 7, 9. Defendant Chartis has moved to dismiss the complaint. Dkt. 4.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility " standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. At 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant Chartis contends that plaintiffs have failed to state a claim against it for breach of insurance contract (first and third causes of action) and breach of duty of good faith and fair dealing (second and fourth) because Chartis was not a party to the insurance contracts at issue. Chartis asserts that it merely acted as Lexington and ISOP's claims administrator. Under California law, claims for breach of contract and breach of duty of good faith and fair dealing, whether brought in the insurance context or otherwise, require the existence of a contract between a plaintiff and the defendant. *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973); *see also Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (holding insurance agents or brokers cannot be held liable for breach of insurance contract or breach of the implied covenant of good faith and fair dealing because they are not parties to the insurance contract).

Plaintiffs contend that although Chartis is not a party to the insurance policies, it can be held liable because Chartis operates with its co-defendants as a single enterprise. As support, plaintiffs cite cases involving entities operating as interinsurance exchanges. Those cases hold that non-insurer defendants who are not parties to insurance contracts can be liable for breach of contract and bad faith when the complaint alleges that the operations of the non-insurer and insurer defendants are intertwined. *See Sturm v. United Services Automobile Ass'n*, No. C 12–01810 WHA, 2012 WL 2135356 (N.D. Cal. June 12, 2012); *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202 (1st Dist. 2002); *Delos v. Farmers Group, Inc.*, 93 Cal. App. 3d 642 (4th Dist. 1979); and *Troyk v. Farmers Group, Inc.* 171 Cal. App. 4th 1305 (4th Dist. 2009). For example, in *Sturm*, the court held that liability could extend to the non-insurer defendant because the complaint alleged that (1) the non-insurer defendant shared employees with the insurer defendant, hired those employees, and paid the employees' pensions, benefits and other expenses; (2) the daily operations of the non-insurer and insurer were controlled by the same executive council; (3) the non-insurer paid for and provided office space, utilities, and other operational services

for the insurer; and (4) the insurer and non-insurer filed consolidated tax returns and used the same bank for all accounts. *Sturm*, 2012 WL 2135356, at *4.

Plaintiffs assert that their complaint sufficiently alleges facts which confirm that defendants operate as a single enterprise because the complaint alleges that "CHARTIS, at all relevant times, was acting with, and on behalf of, all other AIG-affiliated Defendants, as a single enterprise of insurance operations " and "CHARTIS acted as putative insurer for AMERICAN STEEL under insurance policies issued to AMERICAN STEEL by other AIG-affiliated insurance companies." Dkt.1 Ex. A (complaint) ¶ 6. Alternatively, plaintiffs seek leave to amend their complaint if the Court does not find that the complaint contains sufficient facts supporting the assertion that defendants operate as a single enterprise.

When evaluating whether a single enterprise exists, California courts require: (1) there be such a unity of interest and ownership between the two entities that the separate personalities do not in reality exist; and (2) there would be an inequitable result if there is no finding of a single enterprise. *See Wady v. Provident Life & Acc. Ins. Co. of America*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) (applying California law). Factors courts consider when determining whether the first part of the single enterprise test has been satisfied include: commingling of funds and other assets of the entities, the holding out by one entity that it is liable for the debts of the others, identical equitable ownership in the entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the others. *Id.* (citing *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1st Dist. 1973)). In the insurance context, attorneys-in-fact for an interinsurance exchange are liable for breach of the implied covenant of good faith and fair dealing only if conditions for single enterprise liability can be established. *See Wady*, 216 F.Supp. 2d at 1068; *Tran*, 104 Cal. App. 4th at 1218–19.

Here, plaintiffs' complaint fails to allege facts which give rise to the inference that defendants constitute a single enterprise. The allegations that Chartis acted as a "putative insurer" and that defendants constitute a "single enterprise" are conclusory. Plaintiffs' allegations that "LEXINGTON's wrongful denial of defense was transmitted by CHARTIS" and "CHARTIS appeared on behalf of ISOP as AMERICAN STEEL's excess inurer," dkt.1 Ex. A (complaint) at ¶¶ 18, 25, do not show a unity of interest and ownership between defendants. The complaint does not contain any allegations regarding the commingling of defendants' funds or other assets, the holding out by one defendant that it is liable

for the debts of the others, an identical and equitable ownership in the various entities, the use of the same offices and employees, or the use of one defendant as a mere shell or conduit for the affairs of the others. Nor do plaintiffs allege that Chartis is the parent or subsidiary of Lexington or ISOP, that Chartis acted as Lexington or ISOP's attorney-in-fact, or that Lexington and ISOP could not transact their business without Chartis' involvement. Unlike in *Sturm*, *Tran, Delos,* and *Troyk*, the complaint does not allege that defendants operate as an interinsurance exchange. The complaint does include allegations that Chartis managed and controlled the settlement negotiations on behalf of Lexington and ISOP. *See* dkt.1 Ex. A (complaint) at ¶¶ 22-24, 26, 33, 35, 37. However, these alleged facts are insufficient to satisfy the first prong of the single enterprise theory of liability. In addition, the complaint does not allege how it would be inequitable, unfair and unjust to treat Chartis as a separate entity.

Accordingly, the Court GRANTS Chartis' motion to dismiss and GRANTS plaintiffs leave to amend the complaint to plead facts that are sufficient to establish a facially plausible claim. If plaintiffs choose to amend their claims, they should allege facts demonstrating a unity of interest and ownership among defendants to support the claim that defendants operate as a single enterprise. In addition, plaintiffs must allege how it would be inequitable to treat Chartis as a separate entity, particularly in light of the fact that the two insurer defendants have answered the complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Chartis' motion to dismiss and GRANTS plaintiffs leave to amend the complaint. If plaintiffs wish to amend the complaint, plaintiff must file an amended complaint by **September 28, 2012**. Docket No. 4.

**IT IS SO ORDERED.**

Dated: September 17, 2012

SUSAN ILLSTON
United States District Judge