United States District Court
Northern District of California

| | |
|---|---|
| AMERICAN STEEL & AIRWAYS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.: CV 12-03103-JST (KAW)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TELEPHONIC CONFERENCE; ORDER REGARDING DEFENDANTS' LETTER<br><br>(Dkt. Nos. 95 & 96) |

　　　　On December 6, 2013, Plaintiffs filed a declaration and request for telephonic conference to enforce the Court's meet and confer requirement. (Dkt. No. 95.) The parties have a pending discovery dispute regarding the videotaping of upcoming depositions. Plaintiffs noticed the depositions to be videotaped, and Defendants cross-noticed those same depositions seeking to videotape both the deponent and the examiner. Plaintiffs objected to only taping the examiner and the deponent, while not taping the deponent's counsel.

　　　　Plaintiffs' counsel R. Ashley Applewhite declared that she had attempted to meet and confer with Defense counsel Traci Ribiero to prepare a joint statement that complied with the Court's Standing Order, but was unsuccessful. (*See generally* Decl. of R. Ashley Applewhite, "Applewhite Decl.," Dkt. No. 95.)

　　　　On December 9, 2013, Defendants filed a letter in response. (Dkt. No. 96.) The letter provided Defendants' rationale for videotaping the examiner. In support of their unorthodox position, Defendants offer an unpublished case from an Ohio appellate court, which does not involve a deposition, and so is inapposite. Defendants contend that it would be prejudiced by the Court's refusal to allow it to record its own video through its own videographer. While they do have a right to have their own videographer memorialize the proceeding, that right does not

extend to videotaping the examiner, whose credibility has no bearing on the veracity of the witness's testimony.

It is unclear whether the parties sufficiently met and conferred. Nevertheless, as time is short and both parties have submitted their positions regarding the pending dispute, the Court will resolve this dispute without further meet and confer by allowing both sides to separately videotape the depositions, but only the deponent will be videotaped. Accordingly, the Court DENIES Plaintiffs' request for a telephonic conference as moot.

To clarify, going forward, the parties are asked to meet and confer telephonically before filing any joint letters with the Court. Furthermore, any joint letter should contain relevant legal authority in support of each side's respective position.

IT IS SO ORDERED.

Dated: December 9, 2013

KANDIS A. WESTMORE
United States Magistrate Judge